UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUE MAURICE DUNN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-19-2055 |
| | § | |
| DR. CASILLAS, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

State inmate Jacque Maurice Dunn (TDCJ #747362; former SPN #00305555) has filed a civil rights complaint under 42 U.S.C. § 1983 against several medical providers at the Harris County Jail (Docket Entry No. 1). The defendants, including Dr. Gaston Casillas, Dr. Muhaned Al Saedi, Nurse Practitioner ("NP") Sandra Kloeber, NP Claudine Onsongo, Licensed Vocational Nurse ("LVN") Rebecca Hill, formerly known as Rebecca Lenning, LVN Vanessa Balderas, and Registered Nurse Benniesha Scott, have filed a joint motion to dismiss the complaint for improper service under Rule 12(b)(5) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted under Rule 12(b)(6) (Docket Entry No. 39). Dunn has not filed a response to the defendants' motion, and his time to do so has expired. Because the complaint does not allege facts stating a viable claim, the court dismisses this case without reaching the defendants' motion under Rule 12(b)(5).

The reasons are explained below.

**I.   Background**

Unless otherwise indicated, the facts in this section are taken from Dunn's complaint, (Docket Entry No. 1), which includes an attached statement about his claims along with several

pages of medical records and grievances. Dunn alleges that he suffered a head injury at work in 2006, which damaged his sinuses and resulted in neurological problems. He was scheduled to have surgery to remove pockets of fluid from his sinus cavities in late January 2019. Before the procedure could take place, Dunn was shot five times during what he describes as a home-invasion robbery at his brother's home on January 8, 2019. Dunn, who admits that he picked up a gun and returned fire during the incident, was later arrested on "a parole warrant" and taken to the Harris County Jail on January 19, 2019. That was after an extended stay at a local hospital, where he had surgery for the gunshot wounds that resulted in the loss of two fingers on his right hand, a broken right hip, and abdominal injuries.

Dunn alleges that he received "very bad" medical care at the Harris County Jail, which is operated by the Harris County Sheriff's Office. Dunn alleges that Dr. Casillas reviewed his medical records, including the results of an MRI, and cancelled all of the previously scheduled medical appointments for his work-related head injury and any follow-up appointments with the orthopedic specialists who treated his gunshot wounds after concluding that the appointments were unnecessary. Dunn alleges that Dr. Casillas is not a neurologist or an orthopedic surgeon and that he was not qualified to make the medical decisions at issue. Dunn insists further that the treatment he received was incorrect because he did not receive an MRI while at the Jail.

Dunn also alleges that he endured retaliation at the Jail after he filed grievances over his medical care. The grievances were denied after LVN Lenning and LVN Balderas investigated and determined that most of his claims were unfounded. Dunn alleges that after he filed these grievances, NP Kloeber cancelled his long-term pass for a wheelchair on May 27, 2019, leaving him with only a walker to ambulate, and that she harassed him by changing his medication regimen. Invoking 42 U.S.C. § 1983, Dunn seeks $25,000 in compensatory and punitive damages

from each of the defendants for the violation of his constitutional rights.

**II.     Analysis**

The defendants have filed a joint motion to dismiss Dunn's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that he fails to allege facts establishing liability against them in their official capacity and that he does not otherwise state an actionable claim that would defeat their qualified immunity (Docket Entry No. 39, at 5-13).

Motions to dismiss under Rule 12(b)(6) may be granted when the plaintiff's complaint fails to state a claim upon which relief can be granted.  A court reviewing a motion under Rule 12(b)(6) must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (internal quotation marks and citation omitted).  "However, the plaintiff must plead specific facts, not mere conclusory allegations to state a claim for relief that is facially plausible."  *Id.* (internal quotation marks and citation omitted).  To withstand a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed.  *Id.* at 570.

Dunn has attached exhibits to his complaint.  These exhibits are part of the complaint "for all purposes." Fed. R. Civ. P. 10(c).  The court may consider these exhibits for purposes of deciding a motion to dismiss under Rule 12(b)(6).  *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).  Because Dunn is representing himself, the court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Even under this lenient standard, self-represented litigants are still required to "abide by the rules that govern the

federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (citations omitted).

### A. The Official-Capacity Claims

The defendants move to dismiss all claims against them in their official capacity as medical providers employed by the Harris County Sheriff's Office, which is a division of Harris County. When a government employee is sued in his or her official capacity the employing entity is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity") (citation omitted). As a result, Dunn's claims against the defendants in their official capacity as employees at the Jail are construed as claims against Harris County.

It is well established that a municipality or local government entity cannot be held vicariously liable under a theory of respondeat superior for the wrongdoing of municipal employees. *See Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691 (1978). Liability against a government entity is available under § 1983 only for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris Cnty., Tex.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). To state a claim a civil rights plaintiff must allege, at a minimum, facts identifying the following essential elements: (1) an official policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy at issue. *See Piotrowski*, 237 F.3d at 578.

The defendants note that Dunn's allegations do not implicate any official policy and he does not articulate facts that would support a claim against Harris County. Therefore, the official-capacity claims are dismissed.

### B. The Individual-Capacity Claims

The defendants maintain further that any claim against them in their individual or personal capacity must be dismissed because they are entitled to qualified immunity. Public officials acting within the scope of their authority generally are shielded from personal liability for monetary damages by the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow*, 457 U.S. at 818). "The plaintiff bears the burden of negating qualified immunity, . . . but all inferences are drawn in his favor." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (internal citation omitted).

#### 1. Dr. Casillas

Dunn's primary claim is that he was denied adequate medical care when Dr. Casillas cancelled medical appointments with outside specialists who had treated him for the gun-shot wounds he sustained before his arrest and for the work-related injury that he suffered in 2006. Dunn alleges that Dr. Casillas cancelled his appointments after consulting medical records, including an MRI, because he concluded that the appointments were unnecessary.

Because it appears that Dunn was in custody at the Harris County Jail following his arrest for parole violations as a previously convicted felon and as a pretrial detainee, his claims implicate both the Fourteenth Amendment and the Eighth Amendment, which afford the same legal standard

5

in this context. "[P]retrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001). Inmates who have been convicted and sentenced to imprisonment are protected by the Eighth Amendment, which also prohibits deliberate indifference to serious medical needs of prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (recognizing that there is no significant distinction between the legal standard that applies to pretrial detainees and convicted inmates where basic human needs such as medical care are concerned) (citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)).

To plead deliberate indifference, a prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exigent circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Deliberate indifference requires a prisoner to plead facts that would demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotation marks and citation omitted).

Medical records attached to the complaint, which include reports of an MRI on November

16, 2018, and a CT scan of Dunn's paranasal sinuses on October 22, 2018, reflect that Dunn was examined by a neurologist on December 10, 2018 (Docket Entry No. 1, at 38-39, 42-45). The neurologist did not observe any abnormality, but recommended further evaluation to determine the cause of Dunn's headaches and reported weakness in his upper extremities (Docket Entry No. 1, at 44-45). To the extent that Dunn believes that Dr. Casillas erred by cancelling follow-up appointments with the neurologist after concluding that they were unnecessary, the Supreme Court has held that a determination about whether a certain form of treatment is indicated or about whether to provide additional treatment is "a classic example of a matter for medical judgment" that does not constitute deliberate indifference. *Estelle*, 429 U.S. at 107. It is well established that a prisoner's "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) (quoting *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (collecting cases)), *cert. denied*, 140 S. Ct. 653 (2019). Even assuming that a lapse in professional judgment occurred, allegations of negligence or malpractice are insufficient to establish deliberate indifference and do not state a constitutional violation. *See Estelle*, 429 U.S. at 106; *Gibson*, 920 F.3d at 219-20.

Dunn does not provide details about any other appointments that were reportedly cancelled by Dr. Casillas, or explain why they were necessary. Nor does he allege facts showing that he was harmed as a direct result of the decision to cancel these appointments. Dunn's allegations are not enough to demonstrate that Dr. Casillas acted with deliberate indifference when he determined that the appointments were not necessary. Because Dunn does not allege facts that overcome qualified immunity, his complaint against Dr. Casillas will be dismissed for failure to state a claim upon which relief may be granted.

### 2. LVN Lenning and Balderas

Dunn alleges that LVN Lenning (now known as LVN Hill) and LVN Balderas violated his rights by denying the grievances that he filed concerning Dr. Casillas and the level of medical care that he received.  Dunn does not allege that either LVN Lenning or LVN Balderas had any role in his medical care or that they acted with deliberate indifference to his medical needs.  To the extent that Dunn alleges that LVN Lenning and LVN Balderas violated his rights by determining that his grievances were unfounded, this claim must be dismissed because a prisoner does not have a federally protected liberty interest or constitutional right to have his grievances "resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Schwarzer v. Wainwright*, 810 F. App'x 358, 360 (5th Cir. 2020).  Because Dunn does not articulate a valid claim, both LVN Lenning and LVN Balderas are entitled to qualified immunity. The complaint against them is dismissed.

### 3. NP Kloeber

Dunn alleges that NP Kloeber violated his rights by changing his medication and by cancelling his wheel-chair pass, leaving him with only a walker, making court appearances difficult and painful.  Dunn appears to claim that Kloeber did so in retaliation for the grievances that he filed regarding his medical care.

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted).  An inmate must allege more than his personal belief that he is the victim of retaliation. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)).  To demonstrate that a defendant

acted with intent to retaliate, a prisoner must produce "direct evidence of motivation" or, at the very least, he must "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Dunn does not provide details about the grievances he filed against NP Kloeber or any of the other medical providers mentioned in his pleadings. Dunn does not allege facts showing that NP Kloeber knew about the grievances and intentionally treated him incorrectly, in a manner that rises to the level of deliberate indifference, or that any of the medical decisions regarding his need for a wheelchair or a particular type of medication would not have been made but for a retaliatory motive. His conclusory allegations are not sufficient to plead that retaliation was the reason for these medical decisions and they do not overcome NP Kloeber's entitlement to qualified immunity. *See Jones*, 188 F.3d at 325; *Sanchez v. Allen*, 611 F. App'x 792, 795 (5th Cir. 2015) (per curiam) (concluding that a prisoner's conclusory allegations did not give rise to any inference that the complained of actions were motivated by a retaliatory intent) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). The complaint against her is dismissed.

### 4. The Remaining Defendants

Dr. Muhaned Al Saedi, NP Claudine Onsongo, and Registered Nurse Benniesha Scott move to dismiss on the grounds that Dunn does not allege facts showing that they had any personal involvement in his medical care. Dunn lists several other defendants in his complaint without providing any facts in support of a claim (Docket Entry No. 1, at 21).

Personal involvement is an essential element of a civil rights claim against a government official in his or her individual capacity. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a § 1983 action "specify the personal involvement of each defendant"); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)("Personal involvement is an essential

9

element of a [42 U.S.C. § 1983] cause of action."). "The plaintiff 'must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'" *Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (quoting *Jones v. Lowndes Cnty.*, 678 F.2d 524, 530 (5th Cir. 1990)). Dunn fails to provide facts showing that any other defendant referenced in his complaint was personally involved or caused a violation of his constitutional rights. His complaint against the remaining defendants is dismissed for failure to state a claim.

Absent a viable claim this case will be dismissed. Because Dunn was given notice of the defects in his complaint and has not filed a response or requested leave to amend, the dismissal will be with prejudice.

**III.     Conclusion and Order**

The defendants' motion to dismiss (Docket Entry No. 39) is granted. Leave to amend is not granted because it would be futile. This civil action is dismissed with prejudice for failure to state a claim upon which relief may be granted.

SIGNED at Houston, Texas on January 8, 2021.

_____
Lee H. Rosenthal
Chief United States District Judge